IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARRYL ROBINSON,

                Plaintiff,

    v.

PARIS GURLEY, CHILD SUPPORT SERVICES,
and MARATHON COUNTY,

                Defendants.

OPINION & ORDER

18-cv-514-jdp

---

Pro se plaintiff Darryl Robinson has filed a complaint in which he challenges a child support order issued by the Marathon County Circuit Court. Because Robinson is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). A review of the complaint shows that I must dismiss the case for lack of subject matter jurisdiction.

I cannot exercise jurisdiction over the case for multiple reasons. As an initial matter, federal courts generally may not interfere in matters of family relations, such as divorce, custody, and child support. *Struck v. Cook County Public Guardian*, 508 F.3d 858, 859 (7th Cir. 2007); *Dillon v. Alan H. Shifrin & Assocs., LLC*, No. 16-CV-05761, 2017 WL 2480706, at *4 (N.D. Ill. June 8, 2017) (challenge to child support order barred under "domestic relations" exception to federal jurisdiction).

But even if I assume that the domestic relations exception to federal jurisdiction doesn't apply, Robinson doesn't identify any violation of federal law that can be enforced in a civil case. He says that Marathon County granted benefits to defendant Paris Gurley "without [Robinson's] consent" and that Gurley sought benefits because of a "personal grudge" against Robinson related to "financial & personal disputes regarding [their] children." But these are not violations of federal law. Robinson cites various criminal statutes, none of which appear to

apply to the facts of this case. Regardless, Robinson cannot use criminal laws to prosecute a civil case. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). In the absence of claim under federal law, I cannot exercise jurisdiction over a case involving citizens of the same state.

Finally, Robinson appears to be challenging a state court judgment that orders him to pay child support. But Robinson can't file a federal lawsuit to overturn a decision in state court. *Schmitt v. Schmitt*, 324 F.3d 484, 486 (7th Cir. 2003). If Robinson believes that the child support order is wrong, his remedy is to seek reconsideration in state court or appeal the decision within the state court system.

## ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

Entered July 25, 2018.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge